Ausband v. Trust Co.

FRANK C. AUSBAND AND VIRGINIA C. AUSBAND v. WACHOVIA
BANK AND TRUST COMPANY, N.A.

No. 7321SC36

(Filed 31 January 1973)

Usury § 1— forbearance agreement — legal rate of interest

   A forbearance agreement secured by a second deed of trust
and executed after the effective date of G.S. 24-1.1(3) was not
usurious in providing for interest of 9% per annum, notwithstanding
the note to which the forbearance agreement related was executed
prior to the effective date of that statute and at a time when the
maximum rate of interest was 6%.

APPEAL by plaintiffs from *Gambill, Judge,* 25 September
1972 Session of Superior Court held in FORSYTH County.

This is an action by plaintiffs wherein they allege that
defendant is attempting to collect interest in excess of that
allowed by law. Plaintiffs alleged that they had tendered the
full sum due, after deducting the credits to which they were
entitled by reason of the usurious transaction, but that the
tender had been refused by defendant who threatens to fore-
close under a second deed of trust on plaintiffs' property.
Plaintiffs sought judgment directing defendant to accept the
sums so tendered as full satisfaction of the debt and asked
that defendant be restrained from foreclosing under the deed
of trust.

Defendant denied the allegations of usury and counter-
claimed for the balance it contends is due on the debt.

The facts were not in dispute. On 24 March 1969, Reynolds
Ranches, Inc., executed a note to defendant in the sum of
$23,000.00 which was due on 1 July 1969. After maturity, inter-
est was to be paid at the rate of 6% per annum. Plaintiff Frank
C. Ausband signed the note as endorser and plaintiff Virginia
C. Ausband executed a guaranty agreement for the payment
thereof. The note was not paid when due and demand was made
upon plaintiffs for payment.

Plaintiffs requested defendant to refrain from requiring
plaintiffs' immediate payment of their obligations under the
terms of the note and guaranty agreement. Consequently, on
12 September 1969, the parties entered into a forbearance agree-
ment. The agreement provided that plaintiffs would pay the

debt in monthly installments commencing in October 1969 with payment in full due on or before 12 March 1971. The agreement further provided " . . . that as between Ausbands and Wachovia the unpaid principal balance of the indebtedness represented by the aforesaid $23,000.00 note shall bear interest from August 7, 1969, at the rate of nine percent (9%) per annum until paid, as though Ausbands had paid off said note and executed their personal note, bearing interest at the rate of nine percent (9%) per annum, in substitution therefor, secured by their second deed of trust."

Plaintiffs and defendant filed motions for summary judgment. Plaintiffs contended that if given proper credit for the amounts to which they claimed they were entitled by reason of the usurious nature of the transaction, the amount tendered by plaintiffs would constitute full payment of the debt. Defendant contended that the transaction was not usurious and that it was entitled to judgment for the principal sum plus interest at the rate of 9% per annum as called for in the forbearance agreement. Summary judgment was entered in favor of defendant.

*Eugene H. Phillips for plaintiff appellants.*

*Womble, Carlyle, Sandridge & Rice by W. F. Womble for defendant appellee.*

VAUGHN, Judge.

The only question presented is whether the trial court erred when it failed to hold that the provision in the forbearance agreement for the payment of 9% per annum interest called for the payment of usury. We hold that it did not.

On 24 March 1969, when the note was executed and was endorsed by Frank C. Ausband and guaranteed by Virginia C. Ausband, the maximum lawful rate of interest thereon was 6% per annum. G.S. 24-1.

On 2 July 1969, a new section, G.S. 24-1.1, became effective. Among other things this section provides that " . . . the parties to a loan, purchase money loan, advance *or forbearance* (emphasis supplied) may contract in writing. . . " for the payment of interest not in excess of the rates therein set forth. The maximum rate for a loan or forbearance as set out in the forbearance agreement involved in this law suit is 9% per annum. G.S. 24-1.1(3).

The forbearance agreement having been executed after the effective date of G.S. 24-1.1, the provision calling for the payment of interest at the rate of 9% per annum is not usurious. Plaintiffs contend that the note they guaranteed was executed prior to 2 July 1969 and that G.S. 24-1.1 has no application to loans made prior to that date. In this they are correct. The suit here, however, involves a new agreement entered into after the effective date of G.S. 24-1.1 and the lawful interest allowed is governed by that section.

Affirmed.

Judges BRITT and PARKER concur.